### ALFRED WRIGHT V. THE STATE.

#### No. 5207.   Decided December 11, 1918.

**1.—Murder—Manslaughter—Charge of Court.**

Where, upon trial of murder, the court submitted both that offense and manslaughter, and the evidence was not such to establish as a matter of law that adequate cause existed, etc., and sufficient evidence to sustain the conviction for murder, there was no reversible error.

**2.—Same—Misconduct of Jury.**

The reference of the jury in their deliberations to the fact that the defendant, during the trial, dozed off to sleep and nodded several times, does not require a new trial, as the jury was not inhibited from doing so; moreover, evidence was heard on this matter and the motion for new trial overruled.

**3.—Same—Indeterminate Sentence Law—Reform of Sentence.**

Where the sentence failed to apply the indeterminate sentence law, the judgment of the lower court is hereby reformed. Following Cisneros v. State, 76 Texas Crim. Rep., 313, 174 S. W. Rep., 608.

Appeal from the District Court of Anderson. Tried below before the Hon. John S. Prince.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*R. E. Seagler,* for appellant.—On question of indeterminate sentence law: Dixon v. State, 77 Texas Crim. Rep., 554, 179 S. W. Rep., 561; Taylor v. State, 77 Texas Crim. Rep., 632, 180 S. W. Rep., 242; Chandler v. State, 79 Texas Crim. Rep. 244, 184 S. W. Rep., 192.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of murder and his punishment fixed at confinement in the penitentiary for a period of ten years.

Appellant and deceased, Criss Edwards, were young men, members of the same family, stepbrothers. The difficulty arose over the contention of deceased that appellant had broken a pair of clippers and that he should pay deceased for them. There is evidence that in the course of the quarrel the deceased, who appears to have been the aggressor in bringing on the difficulty, took hold of a chair and threatened appellant, and also evidence that the deceased used insulting remarks towards his stepmother, the mother of appellant. Deceased in learning that appellant had gone in the house and procured a gun, ran, and while he was running appellant fired one shot with a shotgun loaded with buckshot, some of the shot taking effect in the back of deceased and in the back of his neck, resulting in his death. Appellant claimed that he shot deceased because he was frightened by his threats and conduct, also because of his insulting language towards appellant's mother. Some of the witnesses who were present disclaimed hearing the remarks which appellant and others testified to, and there was an issue of fact growing out of the evidence as to whether the remarks were in fact made.

Appellant complains of the fact that the court submitted to the jury the issue of murder, claiming that the facts would support a conviction of no higher grade of offense than manslaughter. The jury was instructed upon the law of manslaughter and there was evidence raising that issue, but not such to establish as a matter of law that adequate cause existed, nor, that as resulting therefrom, appellant's mind was rendered incapable of cool reflection. There was testimony coming from the appellant himself, while testifying as a witness, which would be sufficient to justify the jury in rejecting his defensive theory of manslaughter.

The reference of the jury in their deliberations to the fact that the appellant, during the trial, dozed off to sleep and nodded several times does not require a new trial, and the jury was not inhibited from talk-

ing of his manner and conduct in passing upon the weight to be given his testimony; moreover, the order of the court overruling the motion for a new trial shows that the court heard evidence and thereon determined that the motion should be overruled.   In this state of the record the presumption in favor of the correctness of the court's ruling, which is indulged on appeal, would imply that on the hearing of the motion the evidence adduced was sufficient to authorize the judgment rendered thereon.

The sentence failed to apply the indeterminate law, article 865b; Vernon's C. C. P., p. 857.   The judgment of the lower court entering the sentence will be reformed so that it will provide for the confinement of appellant in the State penitentiary for a period of not less than five nor more than ten years.   See Cisneros v. State, 76 Texas Crim. Rep., 313, 174 S. W. Rep., 608.

The judgment of the lower court is ordered reformed and affirmed.

*Reformed and affirmed.*